1  WILSON TURNER KOSMO LLP
   CLAUDETTE G. WILSON (110076)
2  MERYL C. MANEKER (188342)
   CHRISTINA C.K. SEMMER (270909)
3  MARK A. REIN (292437)
   VALERIE PHAN (306503)
4  402 West Broadway, Suite 1600
   San Diego, California 92101
5  Telephone: (619) 236-9600
   Facsimile: (619) 236-9669
6  E-mail: cwilson@wilsonturnerkosmo.com
   E-mail: mmaneker@wilsonturnerkosmo.com
7  E-mail: csemmer@wilsonturnerkosmo.com
   E-mail: mrein@wilsonturnerkosmo.com
8  E-mail: vphan@wilsonturnerkosmo.com

9  LITTLER MENDELSON, P.C.
   JODY A. LANDRY, Bar No. 125743
10 jlandry@littler.com
   KHATEREH S. FAHIMI, Bar No. 252152
11 sfahimi@littler.com
   CHRISTINA HAYES, Bar No. 267153
12 chayes@littler.com
   501 W. Broadway, Suite 900
13 San Diego, California 92101.3577
   Telephone: 619.232.0441
14 Facsimile: 619.232.4302

15 Attorneys for Defendants
   HP INC. (formerly known as Hewlett-Packard Company) and
16 ENTERPRISE SERVICES LLC (formerly known as HP Enterprise Services, LLC)

17               **UNITED STATES DISTRICT COURT**

18              **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19 BRYANT FONSECA, an individual, on behalf of himself and all others similarly situated, and on behalf of the general public, | Case No. **'19CV1748 GPC MSB** |
| 20 | **DEFENDANTS HP INC. AND ENTERPRISE SERVICES LLC'S JOINT NOTICE OF REMOVAL OF CIVIL ACTION** |
| 21 Plaintiffs, | |
| 22 v. | **(28 U.S.C. §§ 1331, 1332(d), 1367(a), 1441, 1446, and 1453)** |
| 23 HEWLETT-PACKARD COMPANY, a Delaware Corporation; HP ENTERPRISE SERVICES, LLC, a Delaware Limited Liability Company; HP, Inc., a Delaware corporation; and DOES 1-100, inclusive, | |
| 26 Defendants. | |

Case No.
DEFENDANTS HP INC. AND ENTERPRISE SERVICES LLC'S JOINT NOTICE
OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that HP Inc., formerly known as Hewlett-Packard Company, and ENTERPRISE SERVICES LLC, formerly known as HP Enterprise Services LLC ("Defendants"), hereby remove this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367(a), 1441, 1446, and 1453. Defendants set forth the following facts in support of their Notice of Removal:

### Procedural Background

1. On November 29, 2017, an action was commenced in the Superior Court for the State of California, County of San Diego, entitled *Bryant Fonseca v. Hewlett-Packard Company, a Delaware Corporation; HP Enterprise Services, LLC, a Delaware Limited Liability Company; HP, Inc., a Delaware Corporation; and Does 1-100, inclusive*, Case No. 37-2017-00045630-CU-WT-CTL. The Complaint contained seven counts: (1) Disparate Treatment – California Government Code § 12940(a); (2) Disparate Impact – California Government Code §§ 12940(A), 12941; (3) Wrongful Termination In Violation Of Public Policy; (4) Failure To Prevent Discrimination; (5) Violation of the Cartwright Act, California Bus. & Prof. Code § 16720 *et seq.*; (6) Violation of California Bus. & Prof. Code § 16600; and (7) Unfair Competition – California Bus. & Prof. Code § 17200, *et seq*. Attached hereto at Exhibit A is a true and correct copy of the Complaint. Both the Fifth and Sixth counts, the alleged violations of the Cartwright Act and Business and Professions Code section 16600 ("Section 16600"), were premised on an alleged "'no-poach' secret agreement" between HP Inc. and 3D Systems, Inc., a purported competitor of HP Inc.'s in the 3D printing market. (Complaint at ¶¶ 51-62, 124-141.)

-1-                                                                                  Case No.
DEFENDANTS' JOINT NOTICE OF REMOVAL OF CIVIL ACTION

2. Defendants HP Inc. and Enterprise Services LLC removed this action to this Court on January 11, 2018 where it was assigned Civil Action No. 3:18-cv-000071-BEN-JLB. The ground for Defendants' removal was federal question jurisdiction as, in their view, the Complaint presented claims completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and the Court had supplemental jurisdiction over the remaining claims. (Notice of Removal, Civil Action No. 3:18-cv-00071 Dkt. No. 1, at ¶¶4-18.)

3. On September 5, 2018, this Court granted Plaintiff Bryant Fonseca's ("Plaintiff" or "Fonseca") motion to remand the action, finding that none of Fonseca's claims in the Complaint were completely preempted. (Order, Dkt. No. 23.) A true and correct copy of this Court's Order Granting Plaintiff's Motion To Remand is attached hereto at Exhibit B.

4. On April 12, 2019, the Superior Court for the County of San Diego, the Hon. Timothy B. Taylor presiding, entered an order staying the case "except with respect to the two 'no poach' antitrust counts (Counts Five and Six)" in light of *Forsyth v. HP Inc., et al.* which is currently pending in the U.S. District Court for the Northern District of California, Civil Action No. 5:16-cv-04775-EJD. A true and correct copy of the Superior Court's April 12th order is attached hereto at Exhibit C.

5. On April 22, 2019, in response to Defendants' then-pending demurrer to Counts Five and Six and Motion to Strike Antitrust Class Definition and Allegations, Fonseca filed and served a First Amended Complaint ("FAC"). The FAC contained the same seven counts as in the original Complaint. As the FAC suffered from many of the same deficiencies as the original Complaint, on May 22, 2019, Defendants again demurred to Fonseca's claims for violation of the Cartwright Act and Section 16600. In addition, as it was woefully overbroad, Defendants simultaneously moved to strike the Antitrust Class definition and allegations.

6. On August 2, 2019, Judge Taylor sustained Defendants' demurrer as to Counts Five and Six in the FAC with leave to amend. The Court found Plaintiff had failed "to allege facts other than rumors between HP employees and ambiguous directions from managers to support" his allegation of an "agreement to cease 'poaching' each other's employees." The Court also found "the complaint fails to adequately allege that these acts resulted in damages suffered by" either Plaintiff or the putative class. A true and correct copy of the Superior Court's August 2nd order is attached hereto at Exhibit D.

7. On August 12, 2019, Fonseca filed and served his Second Amended Complaint ("SAC"). In addition to the seven counts asserted in Fonseca's two previous complaints, the SAC includes an eighth count for "violation of the Sherman Act, 15 U.S.C. § 1," asserted on behalf of Fonseca "and the Antitrust Class Against Defendants." (SAC at p. 41.) According to Fonseca, Defendants "entered into an unlawful agreement, combination, and conspiracy in restraint of trade, in violation of 15 U.S.C. section 1" by agreeing "in advance that HP and 3D Systems would not pursue one another's employees." (*Id.* at ¶184.) Fonseca further alleges, "HP and 3D Systems conspired and agreed to restrict competition for services provided by Plaintiff and the Antitrust Class through 'no poach' agreements and arrangements and agreements to fix the wage and salary ranges for said class members." (*Id.*) As a result, "Plaintiff and the Antitrust Class seeks [sic] three times their damages caused by HP's violations of the Sherman Act, the costs of bringing suit, reasonable attorney's fees, and a permanent injunction enjoining HP from ever again entering into similar agreements or arrangements in violation of the Sherman Act." (*Id.* at ¶188.) A true and correct copy of the SAC is attached hereto at Exhibit E.

///

8. On August 15, 2019, as Fonseca had twice unsuccessfully attempted to plead viable antitrust claims but was vigorously pursuing written discovery, filing motions to compel, noticing a deposition, and pursuing proceedings before a discovery referee, all requiring a considerable expenditure of resources, Defendants made an *ex parte* application to the Superior Court for a stay of discovery and related activity until Fonseca is able to plead viable antitrust claims. The court granted Defendants' request and entered an order that "[a]ll discovery and discovery related law and motion activities are stayed" and set a hearing date of September 13, 2019 to hear a motion to stay discovery. A true and correct copy of the court's August 15, 2019 order is attached hereto at Exhibit F.

9. Defendants remove this action on two independent grounds. First, Plaintiff's recent assertion of a cause of action under the Sherman Act, a claim over which the federal courts have exclusive jurisdiction, has created federal question jurisdiction. (28 U.S.C. § 1331.) Second, Defendants remove this action to this Court on the ground that this Court has jurisdiction under the provisions of the Class Action Fairness Act of 2005 ("CAFA"). (28 U.S.C. § 1332(d).)

10. Defendants' prior removal of this action and this Court's order of September 5, 2018 remanding this action do not preclude this removal. A defendant may remove an action a second time "when subsequent pleadings or events reveal a new and different ground for removal." (*Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015); *see also Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 789 (9th Cir. 2018).) In particular, successive removals are "permitted when the pleadings are amended to create federal subject matter jurisdiction for the first time." (*Reyes*, 781 F.3d. at 1188.)

///

11. Upon removal, all orders entered in the state court "remain in full force and effect until dissolved or modified by the district court." (28 U.S.C. § 1450.)

### Federal Question Jurisdiction

12. Pursuant to 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.)

13. In addition, the federal courts have exclusive jurisdiction of claims arising under the Sherman Act. (15 U.S.C. §§ 4, 15; *see also State of Wash. v. Amer. League of Prof. Baseball Clubs*, 460 F.2d 654, 658 (9th Cir. 1972) [noting "[t]he jurisdiction conferred on the federal courts by 15 U.S.C. § 15 is exclusive" such that "[i]f a suit under the federal antitrust laws is filed in a state court, it is removable under 28 U.S.C. § 1441(b)"].) [1]

14. As detailed above, in his SAC, Fonseca now asserts a cause of action under the Sherman Act, alleging that Defendants "have entered into an unlawful agreement, combination, and conspiracy in restraint of trade, in violation of 15 U.S.C. section 1." (SAC, Ex. E, at ¶184.) Therefore, pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this cause of action.

15. As a result of its original jurisdiction over the Sherman Act claim, the Court has supplemental jurisdiction over Fonseca's other claims. (28 U.S.C. § 1367(a).)

---

[1] The Ninth Circuit's holding in *State of Wash.* that, despite exclusive federal jurisdiction over plaintiff's Sherman Act claim, the doctrine of derivative jurisdiction required remand of that action, was abrogated in 1986 with the adoption of 28 U.S.C. § 1441(f). (*See Rodas v. Seidlin,* 656 F.3d 610, 616 (7th Cir. 2011) [noting that "the doctrine of derivative jurisdiction has been abrogated in the general removal statute"].)

**Class Action Fairness Act ("CAFA") Jurisdiction**

16.  Separate and apart from federal question jurisdiction, this Court has original jurisdiction over this action pursuant to CAFA, which vests the district courts with original jurisdiction of any civil action: (a) that is pled as a class action with a putative class of more than one hundred members; (b) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  (*See* 28 U.S.C. § 1332(d).)  CAFA authorizes removal of such actions in accordance with 28 U.S.C. sections 1441 and 1446.

**There Are More Than 100 Members In The Putative Classes**

17.  Fonseca has brought this action as a "class action on behalf of himself and all others similarly situated, with Plaintiff proceeding as the representative member of the following classes defined as:

> All current, former, or prospective employees who worked for HP in the State of California between April 22, 2012, and present who were at least 40 years old at the time HP selected them for termination under HP's Workforce Reduction Plan.  ('Age Discrimination Class').
>
> All natural persons employed by HP in the United States on a salaried basis at any time from January 1, 2016 to the present (the 'Class Period'). ('Antitrust Class')."

(SAC, Ex. X, at ¶84.)[2]

18.  According to Fonseca, the size of "the Age Discrimination Class alone is at least one thousand seven hundred individuals."  (SAC, Ex. E, at ¶87.)

---

[2] Plaintiff uses the term "HP" without reference to a particular defendant but, rather, as a collective reference to both Defendants as well as to refer to HP Inc.'s prior name, Hewlett-Packard Company.  (SAC, Ex. E, at ¶1.)  Defendants refer either to each defendant, HP Inc. or Enterprise Services LLC, specifically or to both as Defendants.

19. Between April 22, 2012 and October 31, 2018, at least 100 individuals have been separated from their employment with HP Inc. in the State of California as part of a workforce reduction and were over the age of 40 at the time their employment was terminated. (Declaration of Kim Ortolani In Support Of Defendants HP Inc. and Enterprise Services LLC's Joint Notice Of Removal Of Civil Action ("Ortolani Decl.") at ¶11.)

20. With respect to the putative Antitrust Class, as of September 3, 2019, HP Inc. employed approximately 11,000 individuals in the United States who were classified as exempt from overtime laws and paid a salary. (Ortolani Decl. at ¶ 8.)

21. Thus, "the number of members of all proposed plaintiff classes" exceeds 100. (28 U.S.C. § 1332(d)(5)(B).)

## Minimal Diversity Exists

22. At the time of the filing of both his original Complaint and the SAC, Fonseca was and is "a resident of the County of San Diego in the State of California." (Complaint, Ex. A, at ¶3; SAC, Ex. E, at ¶3.) Plaintiff's residence is *prima facie* evidence that he is domiciled in California and, thus, a citizen of this state. (*State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Barrera v. Western United Ins. Co.*, 567 Fed. Appx. 491, n.1 (9th Cir. 2014) [a party's residence constitutes domicile unless proven otherwise].)

23. As noted, Fonseca seeks to represent a putative class of "[a]ll natural persons employed by [HP Inc. and Enterprise Services LLC] in the United States on a salaried basis at any time from January 1, 2016 to the present." (SAC, Ex. E, at ¶84.) Of HP Inc.'s current employees paid on a salary basis, at least 10 are employed and reside outside California in the states of Texas, Idaho, and Oregon and have done so since October 2017. (Ortolani Decl. at ¶10.)

-7-                                                                                          Case No.
DEFENDANTS' JOINT NOTICE OF REMOVAL OF CIVIL ACTION

24. For diversity purposes, a corporation is a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1331(c)(1); *Davis v. HSBC Bank Nevada, NA.*, 557 F.3d 1026, 1028 (9th Cir. 2009).)

25. Defendant HP Inc. is, and at all relevant times was, a corporation incorporated under the laws of the State of Delaware with its principal place of business in California.  (Ortolani Decl. at ¶¶3-4.)

26. Under CAFA, a limited liability company is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." (28 U.S.C. § 1332(d)(10); *see Davis,* 557 F.3d 1026, 1032, fn. 3 [citizenship of unincorporated business entities for purposes of CAFA is determined by section 1332(d)(10)]; *Ramirez v. Carefusion Resources, LLC*, 2019 WL 2897902, at 2-3 (S.D. Cal. July 5, 2019) [citizenship of limited liability company determined under section 1332(d)(10)].)

27. Defendant Enterprise Services LLC is, and at all relevant times was, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Virginia.  In November 2017, when this action was first filed, the entire membership interest in Enterprise Services LLC was held by Enterprise Services Plano LLC, a limited liability company also organized under the laws of the State of Delaware with its principal place of business in Virginia.

28. On or about November 1, 2018, Enterprise Services LLC was renamed Perspecta Enterprise Solutions LLC.  The entire membership interest in Perspecta Enterprise Solutions LLC is currently held by Perspecta HC LLC.  Perspecta HC LLC is also a limited liability company organized under the laws of the State of Delaware with its principal place of business in Virginia.

29. Accordingly, for purposes of diversity, Enterprise Services LLC is a citizen of Delaware and Virginia. Thus, Enterprise Services LLC is not, and was not at any time, a citizen of the State of California.

30. The Complaint and SAC also name Defendants Does 1 through 100. The citizenship of these defendants is disregarded for purposes of diversity. (*See* 28 U.S.C. § 1441(b)(1); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ["Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction"].)

31. Thus, at least one "member of a class of Plaintiffs is a citizen of a state different from any defendant" and minimal diversity exists. (28 U.S.C. § 1332(d)(2)(A).)

**The Matter In Controversy Exceeds $5,000,000 Exclusive Of Interest And Costs**

32. A removing defendant's notice need only provide a "'plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." (*Fritsch,* 899 F.3d at 788 [quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)].)

33. As the U.S. Court of Appeals for the Ninth Circuit recently clarified, "the amount in controversy . . . is not limited to damages incurred prior to removal." (*Chase v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).) "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." (*Id.*) In assessing the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).) The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. (*Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005).)

34. Defendants deny the validity and merit of Plaintiff's causes of action, the legal theories upon which they are purportedly based, and the claims for back pay, front pay, general damages, treble damages, and exemplary damages and other relief. However, for purposes of removal only, and without conceding that Plaintiff or the putative classes are entitled to any relief, it is readily apparent that the amount in controversy exceeds $5,000,000.

35. At the time of the termination of his employment with HP Inc., Fonseca's annualized base compensation was $54,754. (Ortolani Decl. at ¶7.) According to Fonseca, this was on the lower end of HP Inc.'s salary scale, "HP employees… are paid an average" ranging from "just over $64,000" to "just over $110,000 annually." (SAC, Ex. E, at ¶22.)

36. Fonseca seeks "back pay, front pay, general and special damages for lost compensation and job benefits that they would have received but for the discrimination anti-competitive [sic] practices of Defendants." (SAC at p. 42, ¶2.) He also seeks "exemplary and punitive damages," (*id.* at p. 43, ¶7), and "attorneys' fees, expenses, and costs of suit." (*Id.* at p. 43, ¶8.)

37. Thus, if each member of the putative Age Discrimination Class seeks to recover just one month of back pay in this action, based on Fonseca's final compensation, the amount in controversy would be in excess of $7.75 million ($54,754 [Fonseca's final annual compensation]/12 = $4,563 x 1,700 (Fonseca's estimate of potential Age Discrimination Class members) = $7,757,100).

38. With respect to his claims under the Cartwright Act and the Sherman Act, Fonseca claims that he and the putative Antitrust Class suffered "suppress[ed] compensation to levels lower than the members otherwise would have received in the absence of the" alleged "no-poach" agreement. (SAC at ¶184; *see also id.* at ¶149.)

DEFENDANTS' JOINT NOTICE OF REMOVAL OF CIVIL ACTION

39. If just the members of the putative Antitrust Class that are currently employed by HP Inc. claim their wages were suppressed in the amount of $500, the total would be $5,500,000 (11,000 x $500).

40. With respect to the damages for the alleged antitrust injuries, Fonseca seeks "three times" these damages, as provided by the Sherman Act. (SAC, Ex. E, at ¶188; *see also* 15 U.S.C. § 15.) Thus, the amount in controversy on the antitrust claims alone would be in excess of $16.5 million.

41. Fonseca also seeks attorneys' fees – which are available pursuant to several of the statutes under which he asserts claims. (SAC, Ex. e, at ¶¶114, 127, 143, 187.) "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy is met." (*Frisch*, 899 F.3d at 794.) Though not dispositive of the amount of attorneys' fees in controversy, "25 percent of other alleged recovery" is a relevant measure when estimating this portion of the amount in controversy. (*Id.* at 796, n. 6; *see also Cortez v. United Natural Foods, Inc.*, 2019 WL 955001, *6-8 (N.D. Cal. February 27, 2019) [applying "the 25% Ninth Circuit benchmark rate" of the total estimated recovery to determine attorneys' fees included in the amount in controversy].)

42. Based on the above estimated recovery and using the 25% Ninth Circuit benchmark rate, at least $6,062,500 in attorneys' fees is in controversy.

43. Alternatively, if the lodestar method is used, the amount of attorneys' fees in controversy is also nonetheless substantial. In other actions pending in this Court, Plaintiff's counsel have stated their hourly rate is $675. (Declaration Of Tyler Belong In Support Of Motion For Attorneys' Fees, September 20, 2018, *Pearson v, P.F. Chang's China Bistro, Inc., et al.,* Civil Action No. 3:13-cv-02009-JLS-MDD Dkt. No. 137-3, at 3, 56 [providing hourly rate of $675 for J. Hogue and T. Belong].) In a recent employment class action handled by Plaintiff's counsel, the firm reported spending approximately 2,500 attorney hours litigating the case. (*Id.*) If just half that

1  time is spent on this action, using the lodestar method, that could result in a fee award
2  of more than $840,000 (1,250 x $675 = $843,750).
3       44.   Based on the foregoing, the amount in controversy in this action would
4  be well in excess of $5,000,000 as follows:

| | |
|---|---|
| Amount In Controversy, Age Discrimination Class Claims | $7,757,100 |
| Amount In Controversy, Antitrust Class Claims (current HP Inc. employees only) | $16,500,000 |
| Potential Attorneys' Fees | $843,750 |
| **TOTAL** | $25,100,850 |

## Defendants' Removal Is Timely And All Other Requirements For Removal Have Been Met

45.   This removal is timely as it is being done within 30 days of receipt by Defendants of the SAC, the "amended pleading… from which it may first be ascertained that the case is one which is or has become removable." (28 U.S.C. § 1446(b)(3).)  There is no one-year limitation for removal of class actions under CAFA. (28 U.S.C. § 1453(b).)

46.   Pursuant to 28 U.S.C. section 1446(a), attached hereto at Exhibit G and H are copies of the dockets for this action thus far in both this Court and the Superior Court and copies of all additional "process, pleadings, and orders" served upon Defendants during the pendency of this action in both courts are attached to the Appendix Of Process, Pleadings, and Orders In Support Of Defendants' Notice of Removal filed herewith.

47.   Removal to this Court is proper as it is the "district and division within which [the removed] action is pending." (*See* 28 U.S.C. § 1446(a); see also 28 U.S.C. § 84(d) ["[t]he Southern District comprises the counties of Imperial and San Diego"].)

48.     Defendants HP Inc. and Enterprise Services LLC jointly remove this action.  Defendants HP Inc. and Enterprise Services LLC are informed and believe that none of the fictitiously named defendants, Defendants DOES 1 through 100, have been served with a summons or complaint in this action.  These defendants are therefore not parties to this action and need not join in or consent to this removal. (*See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984); *see also* 28 U.S.C. § 145 2(b) [actions removed under CAFA "may be removed by any defendant without the consent of all defendants"].)

49.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of San Diego, and served upon counsel for Plaintiff Bryant Fonseca.

For the foregoing reasons, Defendants HP Inc. and Enterprise Services LLC remove this action from the Superior Court for the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated:     September 11, 2019          **WILSON TURNER KOSMO LLP**

By:     *s/Meryl C. Maneker*
CLAUDETTE G. WILSON
MERYL C. MANEKER
CHRISTINA C.K. SEMMER
MARK A. REIN
VALERIE PHAN
Attorneys for Defendants
HP INC. (formerly known as Hewlett-Packard Company) and
ENTERPRISE SERVICES LLC (formerly known as HP Enterprise Services, LLC

## EXHIBITS-TABLE OF CONTENTS

| Exhibit Number | Description | Page Numbers |
|---|---|---|
| A. | Class Action Complaint for Damages, San Diego Superior Court Case No. 37-2017-00045630-CU-WT-CTL, filed by Plaintiff Bryant Fonseca on November 29, 2017. | 15-51 |
| B. | Order Granting Plaintiff's Motion To Remand, Dkt. No. 23, September 5, 2018. | 52-59 |
| C. | Minute Order, Ruling on Motion for Stay, San Diego Superior Court Case No. 37-2017-00045630-CU-WT-CTL, April 12, 2019. | 60-66 |
| D. | Minute Order, Rulings on Demurrer and Motion to Strike, San Diego Superior Court Case No. 37-2017-00045630-CU-WT-CTL, August 2, 2019. | 67-73 |
| E. | Second Amended Class Action Complaint for Damages, San Diego Superior Court Case No. 37-2017-00045630-CU-WT-CTL, filed by Plaintiff Bryant Fonseca on August 12, 2019. | 74-162 |
| F. | Amended Minute Order, San Diego Superior Court Case No. 37-2017-00045630-CU-WT-CTL, August 15, 2019. | 163-164 |
| G. | Register of Actions Notice, San Diego Superior Court Case No. 37-2017-00045630-CU-WT-CTL, as of September 10, 2019. | 165-171 |
| H. | Civil Docket, *Fonseca v. Hewlett-Packard Company, et al.*, Civil Action No. 3:18-cv-00071-BEN-JLB, as of September 10, 2019. | 172-178 |

-14-   Case No.
DEFENDANTS' JOINT NOTICE OF REMOVAL OF CIVIL ACTION